1  PHILLIP A. TALBERT
   United States Attorney
2  ALSTYN BENNETT
   WHITNEE GOINS
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile: (916) 554-2900

6  Attorneys for Plaintiff
   United States of America
7

8                        IN THE UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,              CASE NO. 2:23-CR-00008 TLN

12 |                    Plaintiff,          STIPULATION AND PROTECTIVE ORDER
                                            REGARDING DISCOVERY
13 |             v.

14 | WILLIAM JAMES FITZGERALD,

15 |                    Defendant.

16

17                                  **STIPULATION**

18       Pursuant to 18 U.S.C. §§ 3509(d) and 3771(a)(8) and Federal Rule of Criminal Procedure 16(d),

19 the undersigned parties hereby stipulate and agree, and respectfully request that the Court order that:

20       1.      There is discovery in this case that contains personal, identifying information regarding

21 third parties (adults and minors), including but not limited to their names, physical descriptions,

22 telephone numbers and/or residential addresses.

23       2.      There is also discovery that contains child sexual abuse material (hereafter, CSAM), both

24 images and videos.

25       3.      This Order pertains to all discovery provided to or made available to defense counsel that

26 contains the name of, or other personally identifying information about, an identified victim or minor

27 witness, and all CSAM images/videos, including any references to CSAM (hereafter, collectively known

28 as "protected discovery"). Such protected discovery shall be identified as protected by the government

STIPULATION AND [PROPOSED] PROTECTIVE ORDER         1

when it is produced to the defense, in a cover letter, or by a specially-designated Bates range, or through an e-mail message.

4. Defense counsel shall not disclose any of the protected discovery or its contents directly or indirectly to any person other than their respective defendant/client, potential witnesses that they are interviewing or preparing for trial, counsel for those witnesses, or anyone employed by defense counsel (such as attorneys, paralegals, secretaries, experts, investigators, and law clerks) in connection with the representation of the defendant in this criminal case.

5. The defendant may view the protected discovery in the presence of defense counsel and/or a defense investigator, but may not retain a copy or otherwise disseminate the contents.

6. The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.

7. If there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any protected discovery may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become defense counsel for purposes of this Order, and become the custodian of the protected discovery, and shall then become responsible, upon conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraph 12 below. All members of the defense counsel, whether current or past counsel, are at all times subject to the Order and are not relieved by termination of representation or conclusion of the prosecution.

8. Defense counsel will store the protected discovery in a secure place, such as a locked office, and shall use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement. To the extent any of the protected discovery, or any copies or reproductions thereof, are stored electronically the protected discovery shall be stored on a password-protected or encrypted storage medium or device. Encryption keys shall be stored securely and not written on the storage media they unlock.

9. If defense counsel makes, or causes to be made, any further copies of any of the protected discovery, defense counsel will ensure that the following notation is physically written or inscribed on each copy made, if the confidentiality of the documents is otherwise not already present on the copied

file(s) or hard copies: "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective Order."

10. If defense counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph three, defense counsel shall first provide such recipients with copies of this Order. The parties agree that defense counsel, defense investigators and support staff shall not provide the protected discovery to the defendant or any other witness or copies of the protected discovery, except for the limited situations identified in this Order.

11. Defense counsel shall advise the government counsel of any subpoenas, document requests or claims for access to the protected discovery by third parties if defense counsel is considering disseminating any of the protected discovery to a third party in order that the government may take action to resist or comply with such demands as it may deem appropriate.

12. Defense counsel shall be responsible for advising the defendant, or his/her client, his/her employees and other members of the defense team, and defense witnesses of the contents of this Order. Defense counsel shall not provide or make available to any person described in paragraph three the protected discovery until that individual has been provided a copy of this Order by defense counsel.

13. If it becomes necessary to refer to an identified victim or minor witness during any public court proceeding or in a public court filing, the parties shall use designated victim numbers for the identified victim or minor witness, not the actual name of the identified victim or minor witness.

14. Upon the final disposition of the case, including exhaustion of direct and collateral appellate proceedings, defense counsel shall return the protected discovery to the government, or certify in writing that the protected discovery has been destroyed, or, if defense counsel seeks to maintain the protected discovery in the defense counsel's files beyond final disposition of the case, seek modification of this provision from the Court. If any protected discovery is used as defense exhibits, they shall be returned to the government along with the other protected discovery upon the final disposition of the case, and stored with the government exhibits so long as those are required to be maintained.

15. Nothing in this Order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

16. Defense counsel reserves the right to file objections with the Court concerning the

protected status of any material produced by the government, and to seek a less restrictive protective order, including an order requiring redactions in lieu of more restrictive measures, to ensure the defendant has the proper level of access to such material in preparing his defense.  The contested protected materials shall be submitted in camera or under seal to the Court for evaluation, not publicly filed.

Dated:  August 26, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ WHITNEE GOINS

WHITNEE GOINS
Assistant United States Attorney

Dated:  August 26, 2024

/s/ HOOTAN BAIGMOHAMMADI

HOOTAN BAIGMOHAMMADI
Counsel for Defendant
WILLIAM JAMES FITZGERALD

## [PROPOSED] ORDER

By agreement of the parties, and good cause appearing, the Court hereby adopts the stipulation and the terms contained therein.  IT IS SO ORDERED.

DATE: August 26, 2024

THE HONORABLE JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE